IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY, | § § § | |
| Plaintiff, | § § | Civil Action No. 3:24-CV-1013-D |
| VS. | § § | |
| GUADALUPE RODRIGUEZ, et al., | § § | |
| Defendants. | § § | |

MEMORANDUM OPINION
AND ORDER

In this insurance coverage dispute, defendant Rosario Fines Saenz ("Saenz") moves under Fed. R. Civ. P. 55(c) and 60(b)(1) to set aside both the default and agreed judgments entered in this case and under Rule 59(a) for a new trial. For the reasons that follow the court denies the motion.

I

Following a vehicle accident ("Accident") in which defendant Lonnie Komahcheet, III ("Komahcheet") struck and killed Lesley Marie Mandujano ("Mandujano"), Saenz, individually and on behalf of all wrongful death beneficiaries of Mandujano, filed a lawsuit in state court ("Underlying Lawsuit") against Komahcheet and Komahcheet's mother, defendant Guadalupe Rodriguez ("Rodriguez"). In the Underlying Lawsuit, Saenz alleged claims for negligence and fraudulent conveyance against Komahcheet and for negligent entrustment against Rodriguez. At the time of the Accident, Komahcheet was driving a vehicle owned by Rodriguez and insured under an auto insurance policy ("Policy") issued

by plaintiff Allstate Fire and Casualty Insurance Company ("Allstate").

On April 26, 2024 Allstate filed the instant declaratory judgment action against Komahcheet, Rodriguez, and Saenz, seeking a declaration that it is not obligated under the Policy to defend or indemnify Rodriguez and Komahcheet with respect to the claims brought against them in the Underlying Lawsuit. The basis for the lawsuit is that the Policy lists Komahcheet as an excluded driver and therefore did not afford coverage any time Komahcheet was operating a vehicle. Allstate served Saenz and Rodriguez on April 27, 2024 and Komahcheet on April 30, 2024. Rodriguez answered on May 17, 2024, but neither Saenz nor Komahcheet filed an answer.[1]

On August 7, 2024 the clerk of court entered a default against Komahcheet and Saenz. Allstate then moved for and obtained on August 12, 2024 a default judgment ("Default Judgment") against them. On August 22, 2024 the court entered an agreed judgment ("Agreed Judgment") between Allstate and Rodriguez that provides, *inter alia*, that Allstate is not obligated under the Policy to defend, indemnify, or provide coverage for Rodriguez and Komahcheet for Saenz's claims in the Underlying Lawsuit. Saenz now moves to set aside both the Default Judgment and the Agreed Judgment and for a new trial. Allstate opposes Saenz's motions, which the court is deciding on the briefs, without oral argument.

---

[1] Under Rule 12(a)(1)(A), Saenz and Komahcheet were required to answer within 21 days after being served.

II

A

Under Rule 55(c), "[t]he court may set aside an entry of default for good cause, and it may set aside a final default judgment under Rule 60(b)." Rule 60(b) permits a court to grant relief from a final judgment for "mistake, inadvertence, surprise, or excusable neglect." *In re OCA, Inc.*, 551 F.3d 359, 369 (5th Cir. 2008) (quoting Rule 60(b)(1)). "In assessing a motion to vacate a default judgment, [the Fifth Circuit has] interpreted Rule 60(b)(1) as incorporating the Rule 55 'good cause' standard applicable to entries of default[.]" *Id.* Accordingly, courts generally consider three factors when determining whether to set aside a default judgment: (1) whether the default was willful, (2) whether setting it aside would prejudice the adversary, and (3) whether a meritorious defense is presented. *Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 500 (5th Cir. 2015) (quoting *Jenkens & Gilchrist v. Groia & Co.*, 542 F.3d 114, 119 (5th Cir. 2008)). "[O]f these factors, two can be determinative: a district court may refuse to set aside a default judgment if it finds either that the default was willful or that the defendant failed to present meritorious defense." *Acosta v. Insignia Energy Grp., Inc.*, 2015 WL 4251264, at *2 (N.D. Tex. July 14, 2015) (Fitzwater, J.) (citing *Scott v. Carpanzano*, 556 Fed. Appx. 288, 293-94 (5th Cir. 2014) (per curiam)).

B

The court first addresses whether Saenz's conduct was willful. When, as here, a defendant's neglect causes its failure to respond, the defendant has the burden to convince

- 3 -

the court that its neglect was excusable, rather than willful, by a preponderance of the evidence. *In re Chinese Manufactured Drywall Prods. Liab. Litig.*, 742 F.3d 576, 594 (5th Cir. 2014); *see also CJC Holdings, Inc. v. Wright & Lato, Inc.*, 979 F.2d 60, 64 (5th Cir. 1992) (directing district court to use the "excusable neglect" standard in determining willfulness). In the Fifth Circuit,"misunderstandings, claimed confusion, and failures to follow up with a lawyer or seek legal advice" have amounted to willful default. *Vaughn v. Neb. Furniture Mart, L.L.C.*, 2021 WL 3775313, at *2 (5th Cir. Aug. 25, 2021) (per curiam) (citing *In re Dierschke*, 975 F.2d 181, 184-85 (5th Cir. 1992); *Chinese Manufactured Drywall Prods.*, 742 F.3d at 593-95). Further, "it has long been held, particularly in civil litigation, that the mistakes of counsel, who is the legal agent of the client, are chargeable to the client." *Pryor v. U.S. Postal Serv.*, 769 F.2d 281, 288 (5th Cir. 1985).

Saenz contends that, after she was served with Allstate's complaint, she delivered a copy to her attorney, "who was very sick with COVID-19, staying home, and not coming into his office," D. Br. (ECF No. 23) at 2; that her

> failure to file an answer in this case was due solely to [her attorney]'s failure to prepare and file her answer, which was solely due to how sick he was at that time and the failure of [his] paralegal, who was also not in the office because she was sick with COVID-19 at that time, to bring Plaintiff's Original Complaint to the attention of [another attorney in the office]

*id.*; and that she "should not be punished by the failures of [her attorney] and his paralegal, who were very sick at the time [her] answer was due," *id.* In her reply, Saenz contends that both her "attorney and his paralegal failed to put the deadline to file the . . . answer in this

- 4 -

case on their respective calendars and the general calendar," and, as a result, "they were the only 2 employees of that firm who knew about that deadline, which explains why [Saenz] did not answer in this case when both that attorney and that paralegal were sick with COVID-19 symptoms and out of the office." D. Reply (ECF No. 26) at 1-2.

The court is not persuaded that Saenz's failure to file an answer in this case was the result of excusable neglect.

First, Saenz has failed to adduce *any* evidence in support of her motion, much less establish by a preponderance of the evidence that her attorney's neglect in this case was excusable.

Second, to the extent she contends in her reply that she failed to answer because her attorney failed to calendar the answer deadline, "calendering errors are insufficient to establish excusable neglect." *Byford v. Fontenot*, 2020 WL 1815871, at *2 (S.D. Tex. Apr. 9, 2020) (citing cases); *see also Davila v. Walmart Stores, Inc.*, 2017 WL 1509303, at *2 (N.D. Tex. Apr. 27, 2017) (Fitzwater, J.) (holding that failure to respond "due to counsel's 'unfortunate calendaring error'" is "insufficient to establish excusable neglect" (citations omitted)).

Third, assuming *arguendo* that Saenz could establish that her attorney and his paralegal were both out sick with COVID-19 on the day her response was due, Saenz has not provided any explanation for her failure to answer or seek an extension of the answer deadline during the period of nearly *three and a half months* that elapsed between the date she was served and the date the court entered the default judgment. And, in fact, Saenz

waited 23 days after the clerk's entry of default and 18 days after the court entered the default judgment to even file the present motion. This sequence of events cannot be described as anything other than carelessness by Saenz and/or her counsel, and therefore does not constitute excusable neglect under Rule 60(b).

C

Although a finding of willfulness is a sufficient ground to deny Saenz's motion, *see Wooten*, 788 F.3d at 500 ("A finding of willful default ends the inquiry, for when the court finds an intentional failure of responsive pleadings there need be no other finding." (internal quotation marks and citation omitted)), the court in the alternative denies the motion on the ground that Saenz has not presented a meritorious defense.

Saenz contends in her motion that she needs to conduct discovery to learn whether Rodriguez intended to exclude Komahcheet from coverage under the Policy or whether she intended to exclude someone else named "Lonnie Komahcheet," such as Komahcheet's father (who she infers is Lonnie Jerald Komahcheet, Jr. or II) or grandfather (who she infers is "the original Lonnie Jerald Komahcheet"). D. Br. (ECF No. 23) at 3. But as Allstate correctly points out, "[d]iscovery is not needed to determine whether Rodriguez intended to exclude Komahcheet from coverage because such intention is plainly evident from Rodriguez's entry into the [Agreed Judgment]."[2] P. Br. (ECF No. 24) at 7. Because evidence in the record already conclusively establishes that Allstate is not obligated to

---

[2]To the extent that Saenz seeks to set aside the Agreed Judgment, she has not identified any grounds for overturning an agreed judgment against another party.

defend, indemnify, or provide coverage for "Lonnie Komahcheet, III under Auto Policy number 886064758, for [Saenz]'s claims made [against them]" in the Underlying Lawsuit, Agreed Judgment (ECF No. 22) at 1, Saenz cannot present a meritorious defense.

III

In her reply, Saenz asserts for the first time that the court may lack subject matter jurisdiction. *See* D. Reply Br. (ECF No. 26) at 2 ("Because Mr. Komahcheet was the only person in that vehicle and the decedent LESLEY MARIE MANDUJANO was the only person in her vehicle, the dispute in this case is only over $50,000.00, which calls into question jurisdiction in this case on the basis of the parties' diversity of citizenship[.]").[3]

A federal court has subject matter jurisdiction in diversity cases in which the "matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332. For diversity purposes, the amount in controversy is normally determined by the amount sought on the face of the plaintiff's pleadings, as long as the plaintiff's claim is made in good faith. 28 U.S.C. § 1446(c)(2); *Dart Cherokee Basin Operating Co. v. Owens*,

---

[3]The court does not consider arguments raised for the first time in a reply brief. *See, e.g.*, *Jacobs v. Tapscott*, 2006 WL 2728827, at *7 (N.D. Tex. Sept. 25, 2006) (Fitzwater, J.) ("[T]he court will not consider an argument raised for the first time in a reply brief." (citing *Senior Unsecured Creditors' Comm. of First RepublicBank Corp. v. FDIC*, 749 F. Supp. 758, 772 (N.D. Tex. 1990) (Fitzwater, J.)))*, aff'd*, 277 Fed. Appx. 483 (5th Cir. 2008). But because Saenz has questioned the court's subject matter jurisdiction, the court will address the assertion that its subject matter jurisdiction has been called into question. *See Huddleston v. Nelson Bunker Hunt Tr. Est.*, 109 B.R. 197, 201 (N.D. Tex. 1989) (Fitzwater, J.) ("It is axiomatic that an alleged lack of subject matter jurisdiction may be raised at any time by a party or by the court *sua sponte*." (citing cases)). The court grants Allstate's motion for leave to file a surreply to address the new arguments raised in Saenz's reply, and considers Allstate's surreply, which it has attached to its motion.

574 U.S. 81, 87 (2014). In a declaratory judgment action, the amount in controversy is "the value of the right to be protected or the extent of the injury to be prevented." *Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir. 1983).

Allstate alleges that the amount in controversy in this case exceeds $75,000, exclusive of interest and costs. Compl. ¶ 3.1. In her reply, Saenz asserts that, because the Policy limits for each person and occurrence are $50,000 and $100,000, respectively, and "[b]ecause Mr. Komahcheet was the only person in [his] vehicle and LESLEY MARIE MANDUJANO was the only person in her vehicle, the dispute in this case is only over $50,000.00, which calls into question jurisdiction in this case on the basis of the parties' diversity of citizenship." D. Reply Br. (ECF No. 26) at 2. The court disagrees.

Saenz fails to recognize that Allstate's complaint seeks a declaratory judgment, not only on the duty to indemnify, but also on the duty to defend. *See* Compl. ¶ 6.1 (seeking a declaratory judgment "that [Allstate] is not obligated to defend or indemnity" Rodriguez and Komahcheet). It is certainly feasible that the cost of defense in this case could exceed $25,000, and Saenz neither argues nor presents evidence to the contrary.

Accordingly, the court holds that Allstate has pleaded in good faith that the amount in controversy exceeds $75,000, exclusive of interest and costs, and that the court has subject matter jurisdiction under 28 U.S.C. § 1332 based on diversity of citizenship.

IV

Saenz also moves under Rule 59(a) for a "'new trial on all or some of the issues' in this case." D. Br. (ECF No. 23) at 3 (citing Rule 59(a)(1)). But her motion "is not properly

considered a motion for 'new trial' because there was no trial." *Anderson v. Octapharma Plasma, Inc.*, 2021 WL 4219700, at *1 (N.D. Tex. Sept. 16, 2021) (Fitzwater, J.). To the extent that she intends to seek relief under Rule 59(e), which permits "a court to alter or amend a judgment to (1) accommodate an intervening change in controlling law, (2) account for newly discovered evidence, or (3) correct a manifest error of law or fact," *Trevino v. City of Fort Worth*, 944 F.3d 567, 570 (5th Cir. 2019) (per curiam) (footnote omitted), she has not provided any valid reason to justify the court's reconsideration of its entry of the Default Judgment.

* * *

For the reasons explained, the court denies Saenz's August 30, 2024 motion to set aside the Default Judgment against Komahcheet and Saenz, to set aside the Agreed Judgment between Allstate and Rodriguez, and for a new trial.

**SO ORDERED**.

November 13, 2024.

_____
SIDNEY A. FITZWATER
SENIOR JUDGE